UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLORIA JOHNSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:16-CV-729 (CEJ) |
| | ) |
| BAYER CORP., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court *sua sponte* to determine whether subject matter jurisdiction exists in this case. See Fed. R. Civ. P. 12(h)(3).

## I. Background

On April 13, 2016, ninety-two plaintiffs from thirty states filed this action in the Circuit Court of the City of St. Louis, Missouri, asserting various state law causes of action arising out of the defendants' manufacture, promotion and sale of the medical device Essure. Plaintiffs allege that they were implanted with Essure and subsequently had the device removed due to complications and injuries. Plaintiffs assert claims of strict products liability, negligent failure to warn, negligence in training physicians, negligence in manufacturing, negligence *per se*, negligent misrepresentation, and breach of express warranty. Defendants removed the action to this Court on the basis of diversity of citizenship jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331.

## II. Legal Standard

An action is removable to federal court if the claims originally could have been filed in federal court.  28 U.S.C. § 1441; In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010).  The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence.  Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005).  A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction.  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).  Any doubts about the propriety of removal are resolved in favor of remand.  Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

### III. Discussion

#### A. Diversity of Citizenship Jurisdiction

The defendants premise removal on diversity of citizenship jurisdiction.  Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).  At the time the complaint was filed, defendants were citizens of Delaware, California, Indiana, New Jersey, Pennsylvania, Germany, and the Netherlands.  At the time of removal, no defendant was a citizen of California.  Five plaintiffs are citizens of California, two plaintiffs are citizens of New Jersey, two plaintiffs are citizens of Pennsylvania, and two plaintiffs are citizens of Indiana.  Despite the lack of complete diversity on the face of complaint, defendants state that diversity jurisdiction exists because the out-of-state plaintiffs' claims should be dismissed for lack of personal jurisdiction or

under the doctrine of *forum non conveniens*. Alternatively, defendants assert that the out-of-state plaintiffs' claims were either fraudulently joined or misjoined, and thus the non-diverse plaintiffs' citizenship should be ignored for purposes of determining jurisdiction.

The Court has rejected these arguments in earlier cases, finding them to be nonmeritorious. See, e.g., Robinson v. Pfizer, Inc., No. 4:16-CV-439 (CEJ), 2016 WL 1721143 (E.D. Mo. Apr. 29, 2016) (collecting cases); Swann v. Johnson & Johnson, No. 4:14-CV-1546 (CAS), 2014 WL 6850776 (E.D. Mo. Dec. 3, 2014) (declining to consider issues of personal jurisdiction and venue when the issue of subject matter jurisdiction is straightforward and has already been addressed by judges in this district). For the same reasons set forth in the earlier cases, the plaintiffs' claims here are neither fraudulently joined nor misjoined and complete diversity is absent. See In re Prempro, 591 F.3d at 623. Thus, removal cannot be based on diversity of citizenship.

### B. Federal Question Jurisdiction

In the notice of removal, defendants also invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, asserting that plaintiffs' claims depend on the resolution of a substantial, disputed federal question and the exercise of jurisdiction will not disrupt the balance between federal and state jurisdiction adopted by Congress. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if a federal question is presented on the face of the well-pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). "It is not enough

3

that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States." Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908).

Although federal question jurisdiction is generally invoked when a plaintiff pleads a federal cause of action, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005); see Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699 (2006) (describing these types of state law claims as a "special and small category"). The "mere presence" of a federal issue in a state cause of action, however, "does not automatically confer federal question jurisdiction." Merrell Dow, 478 U.S. at 813. To be removable, the state law claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314; see also Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013) ("[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met . . . jurisdiction is proper . . . .").

"The substantiality inquiry under Grable looks [] to the importance of the issue to the federal system as a whole." Gunn, 133 S. Ct. at 1066. The Supreme Court has identified examples to assist in this inquiry. First, a question that the

4

government has a strong interest in litigating in a federal forum, such as the compatibility of a federal agency's action with a federal statute, is more likely to be a substantial federal question. Grable, 545 U.S. at 315–16. Also, a pure question of law that can be settled and thereafter would control numerous other cases is more likely to be a substantial federal question. Empire Healthchoice, 547 U.S. at 700–01.

Defendants contend that plaintiffs' state law claims raise substantial federal questions, because they are predicated on numerous alleged violations of federal requirements. To avoid preemption of their state law claims, plaintiffs are required to allege specific violations of federal requirements. The Medical Device Amendments (MDA) to the Federal Food, Drug and Cosmetic Act (FDCA) contain an express preemption provision, preventing states from imposing requirements on medical devices "different from, or in addition to" those imposed by federal law. 21 U.S.C § 360k(a). However, the MDA "does not prevent a State from providing a damages remedy for claims premised on a violation of FDA regulations; the state duties in such a case are 'parallel,' rather than add to, federal requirements." Riegel v. Medtronic, Inc., 552 U.S. 312, 330 (2008) (quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 495 (1996)). Thus, to escape express preemption, the plaintiff's claim must be for conduct that violates the FDCA. In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig., 623 F.3d 1200, 1204 (8th Cir. 2010); see also Wolicki-Gables v. Arrow Int'l, Inc., 634 F.3d 1296, 1301 (11th Cir. 2011) ("To properly allege parallel claims, the complaint must set forth facts pointing to specific [federal] requirements that have been violated." (internal quotations and

5

citation omitted)). Accordingly, the federal issues in the complaint were necessarily raised and are actually disputed.

However, a federal issue that is necessarily raised and actually disputed within a state law claim is insufficient by itself to grant federal jurisdiction over the state law claim. The federal issue also must be substantial and capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Gunn, 133 S. Ct. at 1065; Grable, 545 U.S. at 314. Congress specifically declined to create a federal private cause of action under the FDCA. See Merrell Dow, 478 U.S. at 814 ("[T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction."). Furthermore, Congress also declined to preempt all state remedies or divest state courts of jurisdiction in the FDCA. This demonstrates that the federal issues raised by plaintiffs' state law claims are not capable of resolution in federal court without disrupting the federal-state balance approved by Congress. See Grable, 545 U.S. at 318 ("[T]he [Merrell Dow] Court treated the combination of no federal cause of action and no preemption of state remedies for misbranding as an important clue to Congress's conception of the scope of jurisdiction to be exercised under § 1331.").

In sum, under the FDCA there is no federal cause of action, no preemption of all state remedies, and state court jurisdiction remains. The Court finds that the federal issues raised in plaintiffs' complaint are not substantial, and accepting federal jurisdiction would disrupt the federal-state balance contemplated by

6

Congress. This conclusion is supported by the well-reasoned opinions of other courts, rejecting substantially similar arguments raised by defendants in attempts to remove medical device products liability cases to federal court. See, e.g., Carmine v. Poffenbarger, Case No. 1:15-CV-1207, 2015 WL 9581416 (E.D. Va. Dec. 29, 2015); Mihok v. Medtronic, Inc., 119 F. Supp. 3d 22 (D. Conn. 2015); Fenn v. Philips Elecs. N. Am. Corp., Civ. No. 14-96-DLB-JGW, 2015 WL 632154 (E.D. Ky. Feb. 13, 2015); Mauk v. Medtronic, Inc., 41 F. Supp. 3d 654 (W.D. Ky. 2014); Anders v. Medtronic, Inc., No. 4:14-CV-00194 (ERW), 2014 WL 162352 (E.D. Mo. Apr. 24, 2014); Goade v. Medtronic, Inc., No. 13-5123-CV-SW-ODS, 2013 WL 6237853 (W.D. Mo. Dec. 3, 2013). Thus, the Court also lacks federal question jurisdiction as a basis for removal.

***

Because no subject matter jurisdiction exists, this case must be remanded. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3); Wilkinson, 478 F.3d at 963. As this case was only recently removed and plaintiffs have not incurred substantial expenses as a result of the removal, the defendants will not be required to pay costs. See 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed.

*[signature]*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of May, 2016.